**INTERSTATE COMMERCE COMMISSION, Plaintiff,**

v.

**BIG SKY FARMERS AND RANCHERS MARKETING COOPERATIVE OF MONTANA et al., Defendants.**

Civ. No. 70–736.

United States District Court, C. D. California.

Nov. 20, 1970.

**80**

Robert S. Griswold, Jr., Mitchell Haller, Interstate Commerce Comm., San Francisco, Cal., Robert L. Meyer, U. S. Atty., Carolyn Reynolds, Asst.U.S.Atty., Los Angeles, Cal., for plaintiff.

Rodney E. Nelson, Los Angeles, Cal., G. Robert Crotty, Jr., Leo Graybill, Jr., Great Falls, Mont., for defendants.

IRVING HILL, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause having come on for consideration by the Court, upon the Complaint of the Plaintiff and Answer of the Defendants and trial on October 19, 1970, before the United States District Court for the Central District of California, upon those issues which were not resolved by stipulation of the parties, the Court, upon consideration of the pleadings, stipulations, and representations of the parties, now makes and enters the following:

### FINDINGS OF FACT

#### I

This action was brought by the Plaintiff under § 222(b) of the Interstate Commerce Act (49 U.S.C. § 322(b)) and under the general laws and rules relating to suits in equity arising under the Constitution and laws of the United States.

#### II

The Plaintiff seeks to enjoin the Defendants from transporting property by motor vehicle in interstate commerce for compensation until such time as Defendant, Big Sky Farmers and Ranchers Marketing Cooperative of Montana (hereinafter "Big Sky") shall have obtained the necessary operating authority to engage in such transportation as required by Part II of the Interstate Commerce Act (49 U.S.C. § 301 et seq.).

#### III

Big Sky was and is engaged in the transportation of property in interstate commerce by motor vehicle on public highways between points in the Continental United States including points in the Central District of California and within the jurisdiction of this Court. It performed such transportation asserting the right to do so under the so-called Agricultural Cooperative Exemption contained in § 203(b) (5) of the Inter-

state Commerce Act, as amended (49 U. S.C. § 303(b) (5)), which partially exempts transportation performed by an agricultural cooperative, as defined in the Agricultural Marketing Act, 1929, as amended (12 U.S.C. § 1141j), from the economic regulation of Part II of the Interstate Commerce Act.

## IV

Calavo Growers of California, Heggblade-Marguleas Company, Lamb-Weston, Inc., Monrovia Nursery Company, Tri-Valley Growers, Diamond Fruit Growers, Inc., Eugene Fruit Growers Association and Snokist Growers are all members of Big Sky and use its transportation services; and Harold Goolsbee, Jr., is the manager of Big Sky.

## V

On October 5, 1970, a Stipulation and Order was entered resolving the following issues, and, as to said issues, Findings of Fact and Conclusions of Law thereto and appeal therefrom have been waived:

1. Defendant Big Sky may continue to perform transportation of property for compensation by motor vehicle in interstate or foreign commerce over public highways for members and nonmembers subject to the terms of this Stipulation and Order.

2. So long as Big Sky does not have a Certificate of Public Convenience and Necessity or a Permit or other form of operating authority from the Interstate Commerce Commission and it performs transportation of property for compensation by motor vehicle in interstate or foreign commerce over public highways, said transportation shall be performed pursuant to the exemption set forth in 49 U.S.C. § 303(b) (5) in that Big Sky shall be controlled and operated by its farmer members under the usual cooperative principles, in compliance with the laws of the State of Montana and in compliance with the Agricultural Marketing Act (12 U.S.C. § 1141j),

and Big Sky shall be managed in the primary interest of its farmer members acting together for the mutual benefit of such members as farm producers or purchasers or associations thereof.

3. In any event, and so long as Big Sky holds no operating authority from the Interstate Commerce Commission, it shall not perform any transportation of property for nonmembers, who are neither farmers, cooperative associations nor federations thereof, except as follows: transportation following or preceding a member haul

(a) in a direction generally running the vehicle towards Big Sky's home base or toward the point of pick-up on an inbound member haul;

(b) allowing service at intermediate points along the route of movement;

(c) with no more than reasonably circuitous deviation from the member haul route;

(d) but in any event, such transportation shall not include one-way trip lease movements.

4. The limitation of the extent to and manner in which Defendant Big Sky may perform transportation services for the United States government is reserved for decision by the Court herein.

5. Big Sky and the other Defendants named herein acting in concert with it shall not engage in, hold out, or arrange transportation of property for compensation by motor vehicle in interstate or foreign commerce over public highways for hire except in compliance with this Stipulation and Order.

6. The terms of this Stipulation and Order may be incorporated in the judgment entered herein.

7. The question of whether Big Sky qualifies as a bona fide agricultural cooperative within the meaning of the applicable statutes is no longer an issue herein.

## VI

It was further agreed in the Stipulation and Order filed October 5, 1970, that the following issues remained to be tried to the Court:

(a) What quantitative limitations set forth in 49 U.S.C. § 303(b) (5) apply to government transport?

(b) Whether the "incidental and necessary" requirement contained in 49 U.S.C. § 303(b) (5) is applicable to government transportation?

(c) Should this action be stayed pending Interstate Commerce Commission action on Big Sky's application for certification?

(d) Does 49 U.S.C. § 303(b) (5) as amended, and as applied to Defendants, violate their constitutional protections of due process or equal protection?

(e) What costs, if any, shall be taxed herein?

## VII

It was stipulated between counsel at the trial on the contested issues, that Big Sky was performing transportation of nonfarm commodities on behalf of the United States government or its agencies in excess of fifteen percentum of its total interstate transportation services in any fiscal year measured in terms of tonnage. Secondly, it was stipulated that if the transportation on behalf of the government was to be included in the fifteen-percentum limitation set forth in the exemption in § 203(b) (5), then government traffic would also be subject to the "incidental and necessary" rule contained in that section of the statute.

## VIII

There is no issue of material fact as to any of the contested issues tried to the Court.

## CONCLUSIONS OF LAW

### I

The Court has jurisdiction of the parties herein and of the subject matter of the action under the provisions of Part II of the Interstate Commerce Act (49 U.S.C. § 322(b)) and under the general laws and rules relating to suits in equity arising under the Constitution and the laws of the United States.

### II

As to those issues reserved to the Court for decision, there are no real facts in dispute and each of these issues may be decided exclusively as a matter of law.

### III

■ Under 49 U.S.C. § 303(b) (5), as amended, an agricultural cooperative may transport for the United States government an amount not to exceed 15% of the cooperative's total tonnage in interstate transportation. Under the statute, transportation for "nonmembers who are neither farmers, cooperative associations nor federations thereof," is limited in two ways: (1) to 15% of the cooperative's total interstate transportation measured in tonnage; and (2) to the "incidental and necessary" standard of the statute. Transportation for all nonmembers including "farmers, cooperative associations [and] federations thereof," may equal up to 50% of the cooperative's total interstate transportation, measured in tonnage. But the United States is a nonmember. And the United States is not included in "farmers, cooperative associations [and] federations thereof." Thus, Defendants' transportation for the United States government is subject to the 15% limitation referred to above.

The construction herein given to the statute is supported by the legislative history of the 1968 amendment to 49 U.S.C. § 303(b) (5). See Senate Commerce Comm. Report No. 1152, 90th Cong.2d Sess.1968, p. 13; House Interstate and Foreign Commerce Comm. Re-

port No. 1667, 90th Cong.2d Sess.1968, 2 U.S.Cong. Code & Ad.News 1968, pp. 2766, 2771; Statement of Hon. H. O. Staggers, Chairman, House Interstate and Foreign Commerce Committee, 114 Cong.Rec.Pt. 16, 90th Cong.2d Sess. July 15, 1968, pp. 21461–67.

## IV

Defendants' counsel conceded at oral argument that if the aforesaid 15% limitation applies to Defendant cooperative's transportation for the United States government, so also does the "incidental and necessary" limitation of the statute apply to such transportation. Based on the said concession, the Court so concludes as a matter of law. It is not necessary for the purposes of this case for the Court further to define the meaning and/or application of the "incidental and necessary" limitation.

## V

■ 49 U.S.C. § 303(b) (5), as amended and as applied to Defendants, does not violate their constitutional protections of due process and equal protection of the laws.

## VI

■ The transportation for compensation of non-exempt products and commodities in interstate commerce by Defendant Big Sky Farmers and Ranchers Marketing Cooperative beyond the scope of the exemption set forth in § 203(b) (5) of the Interstate Commerce Act (49 U.S.C. § 303(b) (5) ) as concluded herein is unlawful and in violation of §§ 203(3), 206(a) or 209(a) of the Act (49 U.S.C. §§ 303(c), 306(a), or 309(a) ), and Plaintiff is entitled to a permanent injunction restraining Defendant Big Sky Farmers and Ranchers Marketing Cooperative, its officers, agents, directors, and members participating with it from such activity under the provisions of § 222(b) of the Act (49 U.S.C. § 322(b) ), and from activity inconsistent with the Stipulation and Order of October 5, 1970, incorporated herein.

## VII

The Court declines to stay the aforesaid permanent injunction pending action by the Interstate Commerce Commission on Defendants' application for certification as a regulated motor carrier. The final determination of said application will be many months and perhaps years in coming. It is against the public interest for Defendants to be allowed to continue a method of operation herein found illegal for any such period of time. The Court has heard and considered evidence on the economic impact of its decision on Defendants for the sole purpose of determining whether any stay of the injunction herein granted should be given. The Court concludes that Defendant Cooperative should have a reasonably short period of time to undertake such changes in its method of operation as may lessen the economic impact on it of the instant permanent injunction. Defendants shall have a temporary stay of the injunction to and including December 18, 1970, under the provisions of F.R.Civ.P. 62.

If any of the foregoing Findings of Fact should properly be construed to be a Conclusion of Law, it shall be so deemed. Conversely, if any of the foregoing Conclusions of Law should properly be construed as a Finding of Fact, it shall be so deemed.

## JUDGMENT

This cause having come on to be heard upon the plaintiff's complaint, defendants' answer, stipulations of the parties, and trial upon the contested issues, and the Court having considered the pleadings, representations and stipulations of the parties filed herein, and having entered its Findings of Fact and Conclusions of Law:

It is therefore ordered, adjudged and decreed that Big Sky Farmers and Ranchers Marketing Cooperative of Montana (hereinafter Big Sky), its officers, directors and agents, and Harold Goolsbee, Jr., Calavo Growers of California, Heggblade-Marguleas Company,

Lamb-Weston, Inc., Monrovia Nursery Company, Tri-Valley Growers, Diamond Fruit Growers, Inc., Eugene Fruit Growers Association, and Snokist Growers, acting in concert and participation with said defendant, Big Sky, be, and they are hereby permanently enjoined and restrained as follows:

1. Defendant Big Sky may continue to perform transportation of property for compensation by motor vehicle in interstate or foreign commerce over public highways for members and nonmembers subject to the terms of this Judgment.

2. So long as Big Sky does not have a Certificate of Public Convenience and Necessity or a permit or other form of operating authority from the Interstate Commerce Commission, and it performs transportation of property for compensation by motor vehicle in interstate or foreign commerce over public highways, said transportation shall be performed pursuant to the exemption set forth in 49 U.S.C. § 303(b) (5) in that Big Sky shall be controlled and operated by its farmer members under the usual cooperative principles, in compliance with the laws of the State of Montana and in compliance with the Agricultural Marketing Act (12 U.S.C. § 1141j), and Big Sky shall be managed in the primary interest of its farmer members acting together for the mutual benefit of such members as farm producers or purchasers or associations thereof.

3. In any event, and so long as Big Sky holds no operating authority from the Interstate Commerce Commission, it shall not perform any transportation of property for nonmembers, including the United States Government, or any agency or instrumentality thereof, who are neither farmers, cooperative associations nor federations thereof, except as follows: transportation following or preceding a member haul

(a) in a direction generally running the vehicle towards Big Sky's home base or toward the point of pick-up on an inbound member haul;

(b) allowing service at intermediate points along the route of movement;

(c) with no more than reasonably circuitous deviation from the member haul route;

(d) but in any event, such transportation shall not include one-way trip lease movements.

4. In any event, Big Sky shall not engage in transportation on behalf of nonmembers, including the United States Government, or any agency or instrumentality thereof, who are neither farmers, cooperative associations nor federations thereof, in excess of 15 percentum of its total interstate transportation services in any fiscal year measured in terms of tonnage.

5. Big Sky and the other Defendants named herein acting in concert with it shall not engage in, hold out, or arrange transportation of property for compensation by motor vehicle in interstate or foreign commerce over public highways for-hire except in compliance with this Judgment.

And it is further ordered that the defendants pay the costs incurred in this suit, with the exception of attorneys' fees and filing fees.

On application of Defendants and under the provisions of F.R.Civ.P. 62, it is ordered that the enforcement of the judgment entered herein this 19th day of October, 1970 is stayed until and including the 18th day of December, 1970.